UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDEL HERNANDEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Case No. 11-CV-3485 |
| UNITED STATES OF AMERICA, | ) |
| | ) Judge John W. Darrah |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Fidel Hernandez[1], proceeding *pro se*, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons provided below, his Motion is denied.

## BACKGROUND

On September 10, 2004, police arrested Petitioner Fidel Hernandez on a complaint issued two days earlier. The complaint alleged Petitioner and other individuals conspired to possess and distribute a mixture or substance containing crack cocaine in excess of fifty grams. After the arrest, police brought Petitioner to an FBI office for questioning. Petitioner asked to meet with the prosecutor and to have an attorney present.

An FBI special agent conducted a post-arrest interview with Petitioner; at that time, Attorney Michael J. Petro was present as Petitioner's counsel. The agent advised

---

[1] Petitioner's last name was spelled incorrectly on his § 2255 motion ("Heranadez") and in the caption of his filed response ("Henandez"). The correct spelling, "Hernandez," which was used in his criminal case, is used in this opinion.

Petitioner he would be charged in the future with a drug conspiracy charge but that he may receive a reduced sentence for his cooperation with the investigation.

Based on this representation, Petitioner agreed to waive his rights, confess to his involvement, and assist and cooperate with the government's investigation of the Maniac Latin Disciples ("MLD") street gang. He explained at his sentencing, "[m]y lawyer ... advised me to talk to them and tell them everything that I did, and that's what I did, in exchange for the promise of leniency." However, the agent also expressly cautioned Petitioner that any statement he made could still be used against him. Based on Petitioner's agreement to cooperate, the government released him and dismissed the complaint against him. However, after cooperating with the government's investigation for less than one month, Petitioner absconded to Florida and ceased all contact with law enforcement.

On November 30, 2004, Petitioner and seventeen co-defendants were indicted and charged with participating in a drug conspiracy with the MLD street gang. The FBI could not initially execute the arrest warrant for Petitioner, as he could not be located. The FBI contacted Petitioner's mother to inform her of the arrest warrant, posted flyers in his neighborhood, conducted out-of-state fugitive investigations, and profiled Petitioner on "Chicago's Most Wanted." In September 2006, police finally located Petitioner in Florida and arrested him. Following his arrest, Petitioner retained Attorney David Mejia for his defense.

Petitioner pled guilty to the drug conspiracy charge on March 13, 2008. On February 26, 2009, Petitioner was sentenced to 300 months of imprisonment and five

2

years of supervised release. Petitioner filed this Section 2255 petition on May 24, 2011, claiming ineffective assistance of counsel.

## LEGAL STANDARD

Petitioner's Motion is pursuant to Section 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2006). The relief described here is available only if there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1992)). The district court must review the record and draw all reasonable inferences in favor of the government. *See Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992). However, Hernandez filed this petition *pro se*; therefore, his position is entitled to a liberal reading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Claims of ineffective assistance of counsel are reviewed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) (*Strickland*). Under this test, a defendant must show both: (1) that counsel's performance fell below an objective standard of reasonableness under the circumstances and (2) that the deficient performance prejudiced the defendant. *Id.* at 688-94. To establish prejudice, the petitioner must prove there is a reasonable probability the proceeding would have had a different result but for the unprofessional errors. *Id.* If a petitioner fails to make a proper

3

showing under one of the *Strickland* prongs, the Court need not consider the other. *See Strickland* at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant").

The court's "review of the attorney's performance is 'highly deferential' and reflects 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (citation omitted); *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) (*Cooper*) ("Defense counsel is strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment.").

## ANALYSIS

*Petitioner's Sixth Amendment Right to Counsel Had Not Yet Attached*

Petitioner's claim of ineffective assistance of counsel is based on the conduct of Petitioner's counsel, Michael Petro, during the post-arrest interview with the FBI Agent, set out above. The Government contends Petitioner's claim of ineffective assistance of counsel is moot in this regard because Petitioner had no Sixth Amendment right to counsel during this pre-indictment interview. The Sixth Amendment right to counsel exists to "protect the accused during trial-type confrontations with the prosecutor." *United States v. Gouveia*, 467 U.S. 180, 190 (1984) (*Gouveia*). The right attaches only "at or after the initiation of adversary judicial proceedings against the defendant," "whether by way of formal charge, preliminary hearing, indictment, information, or

arraignment." *Gouveia* at 187; *Brewer v. Williams*, 430 U.S. 387, 398 (1977); *Fellers v. United States*, 540 U.S. 519, 523 (2004). The law further establishes that the mere filing of a federal criminal complaint does not trigger the right to counsel. *See United States v. States*, 652 F.3d 734, 741 (7th Cir. 2011) (*States*). Rather, the accused may claim the right to counsel at "critical stages" in the proceedings against him. *States* at 741 (citing *Iowa v. Tovar*, 541 U.S. 77, 80 (1984)). "[A] criminal defendant's *initial appearance before a judicial officer*, where he learns the charge against him and his liberty is subject to restriction, *marks the start of adversary judicial proceedings* that trigger attachment of the Sixth Amendment right to counsel." *States* at 741 (quoting *Rothgery v. Gillespie County, Texas*, 554 U.S. 191 (2008) (emphasis added)). An initial appearance before a judicial officer is further defined by Federal Rule of Criminal Procedure 5, providing: "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer." Fed. R. Crim. P. 5(a)(1)(A). Therefore, filing a criminal complaint or issuing an arrest warrant does not constitute initiation of adversary proceedings; and, thus, the right to counsel does not attach at that time. *See States* at 741; *Gouveia* at 190. While arrest and investigation may be relevant to other constitutional issues, such as the right to a speedy trial, they are irrelevant to a determination of when the constitutional right to counsel attaches. *Id.*

After the post-arrest interview at issue, on September 10, 2004, the government dismissed the complaint against Petitioner so he could assist the government with its ongoing investigation of the MLD street gang. The government did not commence

adversary judicial proceedings against Petitioner until the November 30, 2004 indictment, after he ceased communication with the government and fled to Florida. Therefore, Petitioner's claim for ineffective assistance of counsel during the post-arrest interview is without merit.

*Petitioner's Claims of Ineffective Assistance of Counsel Are Also Without Merit*

Even if Petitioner had a right to counsel during the September 10, 2004 interview, his claims of ineffective assistance of counsel would still fail. Petitioner argues his sentence should be vacated because during this pre-indictment interview: (1) his counsel failed to secure a proffer letter and failed to secure a promise from either party; and (2) his counsel failed to be present for the entire proceeding.

First, Petitioner contends Attorney Petro failed to secure a proffer letter or a promise from the government during Petitioner's aforementioned pre-indictment interview, in which he agreed to cooperate with the government's investigation of the MLD street gang in exchange for possible leniency. Petitioner explained at his sentencing that Attorney Michael Petro advised him at the time of the pre-indictment interview to speak to the FBI in order to possibly receive a more lenient sentence. According to the sentencing record, rather than offer a proffer letter, the government expressly warned Petitioner his statements could still be used against him. 11/12/08 Tr. at 99:13-100:10. The special agent who testified at Petitioner's sentencing hearing did not recall Attorney Petro requesting a proffer letter. However, in Petitioner's Motion, he submitted a letter from Attorney Mejia, stating that Attorney Petro requested a proffer letter but that the government denied the request. Petitioner's Mem., Ex. A.

6

Attorney Petro cannot be found to have been ineffective on Petitioner's behalf for failing to secure a proffer letter when the government never offered one to Petitioner. In general, counsel has a "duty to inform a client when the prosecution proffers plea agreements, failure to do so results in ineffective assistance of counsel." *United States v. Golden*, 102 F.3d 936, 943 (7th Cir. 1996). However, "where there is no evidence that a deal ever existed, counsel cannot be found to have acted unreasonably in failing to secure one." *Kruger v. United States*, 2008 WL 7325137 (N.D. Ill. Nov. 26, 2008). Although Petitioner stated at his sentencing his lawyer advised him to talk in exchange for leniency, it is also clear that during Petitioner's interview, as mentioned above, he was expressly cautioned that any statement he made could still be used against him. 11/12/08 Tr. at 99:13-100:10. Petitioner has not demonstrated Attorney Petro's performance during the pre-indictment interview fell below an objective standard of reasonableness under the circumstances. When alleging omissions, "it is not enough to criticize counsel for failing to take particular steps. Instead, one must also address what action counsel did take, and then evaluate [his] performance as a whole." *Eckstein v. Kingston*, 460 F.3d 844, 849 (7th Cir. 2006). A review of Attorney Petro's performance during the pre-indictment interview does not show his performance was objectively unreasonable. Petitioner fails to meet the *Strickland* standard on this claim for ineffective assistance of counsel.

Second, Petitioner argues counsel at his pre-indictment interview was ineffective because Attorney Petro failed to be present for the entire proceedings. Despite this claim, there are no facts in the record to support Petitioner's assertion that Attorney Petro was

7

not present for the entire pre-indictment interview. A claim of ineffective assistance of counsel "cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct." *United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001). This claim also fails to make a proper claim of ineffective counsel under the *Strickland* standard. Even if Attorney Petro was not present for the duration of the FBI interview, Petitioner would need to demonstrate Petro's absence fell below an objective standard of reasonableness under the circumstances. There is no indication that the absence of Petitioner's attorney during the interview (*if* this did occur) was objectively unreasonable under the *Strickland* standard, or that it would have unduly prejudiced his case. Petitioner does not demonstrate a reasonable probability that his case would have had a different result but for Attorney Petro's supposed absence. There is a strong presumption that defense counsel provided adequate assistance in exercising his professional judgment. *Cooper* at 641. Petitioner cannot claim ineffective assistance of counsel under *Strickland* based on his claim that Attorney Petro was not present for the entire post-arrest interview.

Moreover, even if Petro's conduct in representing Petitioner were to be considered sub-standard, it could not be found to cause prejudice to Petitioner. The cause of Petitioner's failure to obtain a more lenient result for his criminal conduct is obvious and independent of any claimed professional error of counsel. While Petitioner initially agreed to cooperate with the government in hopes of future leniency, it was Petitioner's own actions, and not the actions of Attorney Petro, that Petitioner's chance of a more lenient sentence was lost. Instead of continuing to cooperate with the government's

8

investigation, Petitioner fled to Florida and ended all contact with the government investigators. Solely because of Petitioner's conduct he received the sentence he did, without the leniency Petitioner may have been afforded had he remained available to the FBI and cooperated. Petitioner had not shown ineffective assistance of counsel pursuant to the *Strickland* standard based on facts in the record.

## *No Evidentiary Hearing is Necessary*

The undisputed facts in the record from Petitioner's sentencing hearing and from Petitioner's own memorandum indicate no evidentiary hearing is necessary. Based on the facts in the record, Petitioner can make no showing that Attorney Petro was unreasonable or provided ineffective counsel by advising Petitioner to talk to investigators in exchange for leniency. The decision to speak was a reasonable, strategic decision; Petitioner presents no evidence rebutting the reasonableness of this decision. *See Cooper* at 641 ("Courts presume that counsel made reasonable strategic choices unless the defendant presents evidence rebutting that presumption"). Furthermore, Petitioner cannot show that he was unduly prejudiced by Attorney Petro's representation of him. Petitioner makes no showing of ineffective counsel under the *Strickland* standard; based on the facts in the record, no evidentiary hearing is warranted.

## *Certificate of Appealability*

"A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. If the court denies a certificate, a party may

not appeal the denial but may seek a certificate from the court of appeals under Federal Rules of Appellate Procedure 22. Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts. Seventh Circuit Rule 22(b) states: "In a *habeas corpus* proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district court judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."

To obtain a certificate of appealability under § 2253, a petitioner must demonstrate the denial of a constitutional right. This requires the petitioner to show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (*Slack*). Where the district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack* at 484. As noted above, the performance of Petitioner's counsel was neither unreasonable, nor did it cause prejudice under the *Strickland* test.

Petitioner has failed to make a substantial showing of the denial of a constitutional right in the instant petition. Accordingly, a certificate of appealability shall not issue.

## CONCLUSION

For the foregoing reasons, Petitioner Fidel Hernandez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [1] is denied. A certificate of appealability shall not issue.

Date: November 16, 2011

JOHN W. DARRAH
United States District Court Judge